with our rules relate to the charge of the court, and the only complaint of counsel for appellant in their brief argument is of it, but, as no special or general exception was taken to it, the assignments cannot be considered: Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169.

Judgment affirmed.

---

# Goldsmith v. Stocker, Appellant.

*Contracts—Promise to pay the debt of another—Statute of frauds —Written instruments—Alteration—Case for jury.*

1. A note given as collateral security to protect the holder against liability by reason of his endorsement of a promissory note of a third person, and having on the back an endorsement reading, "for note Reading National Endorsed Isaac Goldsmith, J. Jacob Longenderfer and J. Henry Stocker" is a sufficient memorandum of a promise to pay the debt of another to satisfy the statute of frauds.

2. Where, in an action on the collateral note, it appeared that after the payment of the original note the holder of the collateral note desired to retain it as security against liability on another note which he had endorsed, and that his son in the defendant's presence struck out the words "Reading National" from the endorsement on the collateral note and inserted the words "Berks County Trust Company," it was for the jury to determine, the evidence being conflicting, whether the alteration in the endorsement of the collateral note was made with defendant's consent, and a verdict and judgment for plaintiffs were sustained.

Argued Feb. 28, 1916. Appeal, No. 22, Jan. T., 1916, by Katharine B. Stocker, from judgment of C. P. Berks Co., Sept. T., 1910, No. 6, on verdict for plaintiffs in case of Samuel Goldsmith and Solomon Goldsmith, Executors of Isaac Goldsmith v. J. Henry Stocker and Katharine B. Stocker. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note.

From the record it appeared that some time prior to the date of the note in suit, J. Henry Stocker and J.

Jacob Longenderfer, for the purpose of raising $5,000.00, for an enterprise in which they were about to engage as partners, made two notes, each for $2,500.00 which they induced Isaac Goldsmith to endorse, upon their promise that if they were successful they would give him a share in the enterprise. To this transaction, Katharine B. Stocker, the appellant, defendant below, was a stranger.

One of these notes, originally discounted in the Neversink Bank, was subsequently carried in the Reading National Bank; the other was discounted in the Berks County Trust Company. According to the understanding of all parties to these notes, the former was considered Longenderfer's part of the indebtedness, the other Stocker's. The note in suit was given to Isaac Goldsmith by J. Henry Stocker and Katharine B. Stocker, his mother, the appellant, as collateral security for the note then in the Reading National Bank. On the back it was marked: "For note Reading National Endorsed Isaac Goldsmith, J. Jacob Longenderfer and J. Henry Stocker"—this memorandum having been put upon it by J. Henry Stocker prior to its delivery to the plaintiff.

Subsequently on October 20, 1908, the note in the Reading National Bank was paid by the giving of a new note in a larger amount accompanied by certain mortgage security furnished by Longenderfer.

On the evening of the same day, Isaac Goldsmith and his son, Solomon, called at the home of the appellant and asked her to give him a new note to secure him against liability upon his endorsement of the note in the Berks County Trust Company. She refused to give a new note, whereupon Isaac Goldsmith told her that the old note would have to be changed. Thereupon, Goldsmith's son, at his father's direction, changed the endorsement on the note in suit by striking out the words "Reading National" and inserting "Berks County Trust Co.," such change being made in the presence of Mrs. Stocker and the other parties to the note. Mrs.

Stocker, however, did not re-execute the old note in its altered form or sign any memorandum assenting to the alteration.

The note in the Berks County Trust Company was renewed with the endorsement of Isaac Goldsmith until April, 1910, when it was protested and paid by Goldsmith, who thereupon brought suit on the collateral note dated September 17, 1908, originally given by the defendants to secure the payment of the note in the Reading National Bank.

Isaac Goldsmith subsequently died and his executors were substituted as plaintiffs.

Other facts appear in the following opinion of END-LICH, P. J., sur defendant's motion for a new trial and for judgment n. o. v.:

A very careful consideration of the argument in support of these rules, in the light of the decision of the Supreme Court reversing the judgment entered upon the verdict in the second trial of the cause: 249 Pa. 180, has led to the conclusion that none of the questions made is still open and that none of the positions taken is tenable. The contentions are, in substance, that there was no writing capable of answering the requirements of the Statute of Frauds in order to hold Mrs. Stocker liable to Isaac Goldsmith with respect to the note in the Berks County Trust Company,—that there was no consideration to support the alleged assumption of such liability on her part,—that the proofs in the case fail, with sufficient precision for submission to a jury, to show the change in the memorandum on the back of the note in suit to have been made by Solomon Goldsmith as the agent or by the authority and consent of Mrs. Stocker,—and that at any rate, by reason of conflicting interest, he was disqualified to act for her. In the appeal to the Supreme Court all of these contentions were advanced and nearly all of the authorities now relied on cited. The fallaciousness of the former and the inappositeness of the latter, alike in that appeal and in these applications,

are settled by that court when, upon a state of the evidence in no essential particular differing from that disclosed by the record of the last trial, it is held that the controlling questions in the case are whether Mrs. Stocker did authorize Solomon Goldsmith to make the alteration in the memorandum; whether in so doing he acted as her agent or as Isaac Goldsmith's, his father's; and whether the latter in return agreed to the renewal of his endorsement of the Berks County Trust Company note and at Mrs. Stocker's request subsequently performed his promise,—and that these questions, under the evidence, are properly for the jury (see pp. 185, 186, 187). Nor, it may be specially noted because the point is specially insisted upon, can it, in the face of this ruling, be asserted that Solomon Goldsmith was not in a position to act in this matter for Mrs. Stocker, because, as a party to the contract, Isaac Goldsmith would not have been, and Solomon came with his father and in his father's interest to the interview with Mrs. Stocker at which the transactions occurred and in a measure was his spokesman. Manifestly that circumstance does not exclude, as a matter of law or of fact, his having been duly authorized by Mrs. Stocker to make the change in the memorandum for her, and as, with respect to the same, her agent. Even a double agency, understood and assented to by both contracting parties, has probably never been supposed to offend against any recognized principle: See Patterson v. Van Loon, 186 Pa. 367. The testimony of Isaac and Solomon Goldsmith, taken together, is that the change was proposed to Mrs. Stocker; that she consented to it, Solomon asking her whether she was "satisfied with it" and she saying "she was"; that he called for pen and ink to make it, and she sent her daughter for them; that thereupon with her approval and in her presence Solomon made the change,—Mrs. Stocker, when it was done, stipulating and Isaac Goldsmith agreeing that he should renew the note in the Berks County Trust Company, which at her

request afterwards he did. Pressed to give the exact language used in the transaction, Solomon said that the foregoing was "as close as (he could) give it"; that there might have been other things "mentioned"; but that the above was "the sum and substance of what was said at the time that the change was made." Perhaps the rule is here applicable, which was laid down by Judge GIBSON in Cornell v. Green, 10 S. & R. 14, at page 16 (and reiterated in Hepler v. Mount Carmel Sav. Bk., 97 Pa. 420), with reference to the reproduction of the testimony of a deceased witness, that, where in the nature of things a recollection of the precise language, etc., cannot be reasonably expected, it is not to be exacted in order to render a deposition giving the impression produced by the whole,—i. e., the substance of what was said,—competent evidence. But however that may be, there is no possible distinction to be made between the effect of the Goldsmiths' testimony as it stands now and as it stood at the previous trial; and therefore it must be considered that, according to the opinion of the Supreme Court, if, in spite of defendant's contradiction of that testimony, the jury found it to be true, there is an adequate basis for every inference indispensable to plaintiffs' recovery.

It is not apparent that anything further in the way of discussion is needful, or in view of the decision of the Supreme Court would even be proper. The law of the case has been authoritatively indicated. It is for us so to accept and apply it. That in the trial or the charge there was any deviation from it is not understood to be alleged. The questions pointed out by the Supreme Court as controlling were submitted to the jury in conformity with the ruling and language of the decision. Every point of the defendant was affirmed except those asking for binding instructions in her favor. These, if the case was for the jury, were of course incapable of affirmance, and therefore were declined without being read to the jury: See Woecker v. Erie Elect. Motor Co., 187 Pa. 206, 208. Neither is the result at variance with

any intimation by the Supreme Court as to what in reason or justice it should be.  There seems, in short, to be no room for the granting of either application before us.

Other facts appear in Goldsmith v. Stocker, 249 Pa. 180.

Verdict for plaintiff for $3,314.85 and judgment thereon.  Katharine B. Stocker appealed.

*Errors assigned* were various rulings on evidence, instructions to the jury, the refusal of the court to direct a verdict for the defendant, and to enter judgment for defendant n. o. v.

*J. Rothschild,* of *Fox & Rothschild,* with him *E. H. Deysher,* for appellant.—There can be no liability on a collateral obligation after the principal debt is paid: Mitchell v. Coombs, 96 Pa. 430; Quaker City Nat. Bk. v. Hepworth, 192 Pa. 315.

The note did not satisfy the requirements of the statute because it was written and signed antecedently to the defendant's promise which is sought to be enforced and was therefore not intended to relate thereto.

The note in question was not "signed" within the meaning of the Statute of Frauds: Hess's Est., 150 Pa. 346; Paxson v. Nields, 137 Pa. 385; Maule v. Bucknell, 50 Pa. 39; Haverly v. Mercur, 78 Pa. 257.

*H. P. Keiser,* with him *J. Wilmer Fisher,* for appellee. —It was permissive to prove orally the consideration upon which the contract rested: Bowser v. Cravener, 56 Pa. 132; Walters v. McElroy, 151 Pa. 549; Moore v. Eisaman, 201 Pa. 190; Hall v. White, 123 Pa. 95; Brodhead v. Reinbold, 200 Pa. 618; Fitzpatrick v. Engard, 175 Pa. 393.

PER CURIAM, March 20, 1916:

This judgment is affirmed on the opinion of the court below, discharging rules for a new trial and judgment n. o. v.