## Zimmerman, Appellant, v. Zimmerman.

*Promissory notes—Inconsistent due dates—Patent ambiguity—Parol evidence—Nonsuit.*

In an action on a promissory note under seal containing two inconsistent due dates, one reading "one day after date I promise to pay" and the other "to be paid at my death," a nonsuit is properly entered, where the parol evidence of surrounding circumstances and collateral facts offered by the plaintiff to explain the patent ambiguity in the instrument, fails either to make plain the real due date of the note, or to shed such light thereon as to enable the court to determine which of the two dates must be accepted.

Argued Oct. 8, 1918.   Appeal, No. 93, Oct. T., 1918, by plaintiff, from order of C. P. Greene Co., Sept. T., 1916, No. 138, refusing to take off nonsuit in case of V. A. Zimmerman v. Robert J. Zimmerman and David Pitcock, Exrs. of James R. Zimmerman, dec'd.   Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Assumpsit on a promissory note under seal.   Before RAY, P. J.

The note in suit was in the following form: (See page 541.)

The trial judge entered a compulsory nonsuit for the reasons stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*B. N. Freeland,* with him *C. W. Waychoff,* for appellant.—The ambiguity appearing on the face of this note is to be construed by the court: Berridge v. Glassey, 112 Pa. 442; Swigert v. Hartzell, 20 Pa. Superior Ct. 56; Beck v. Schekter, 240 Pa. 596; Foster v. McGraw, 64 Pa. 464; Morris's App., 88 Pa. 368; Miller v. Fichthorn, 31 Pa. 252.

*James J. Purman,* with him *John L. Wood* and *A. F. Silveus,* for appellees.—A patent ambiguity cannot be cleared up by extrinsic evidence: Berridge v. Glassey, 112 Pa. 442; Wright v. Weakly, 2 Watts 89.

The most favorable construction of this note that appellant can hope to secure is that the two due dates are repugnant, one to the other, and that the first shall be received and the latter rejected: Straus v. Wanamaker, 175 Pa. 213, but when this has been done, then the note is due one day after date, and the presumption of payment arose on December 13, 1911: Wilkinson's Est., 1 Pars. 171; Philadelphia v. Comber, 15 W. N. C. 502; Cope v. Humphreys, 14 S. & R. 15.

The rebutting proof must carry conviction to the mind of the court: Peters' App., 106 Pa. 340; Geiger's Est., 14 Pa. Superior Ct. 523; Gregory v. Com., 121 Pa. 611; Kline v. Kline, 20 Pa. 503; Eby v. Eby, 5 Pa. 435; Sellers v. Holman, 20 Pa. 321.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

This is a suit on a promissory note under seal, dated December 12, 1891, for $7,000, "with interest from date," accompanied by a warrant of attorney to confess judgment. The instrument presented in evidence contains two, inconsistent, due dates: First, it reads, "one day after date I promise to pay," etc.; then this appears: "to be paid at my death." The warrant of attorney authorizes immediate judgment and execution without stay.

Plaintiff was permitted to introduce oral evidence in support of his claim; but a nonsuit was entered, which the court below subsequently refused to remove. This appeal followed.

The opinion declining to take off the nonsuit states it was granted for three reasons: "First, the two dates in the note offered in evidence are so contradictory and repugnant to each other as to constitute a patent ambiguity, which, in the absence of any allegation in the plaintiff's statement of either fraud, accident or mistake, is not susceptible of explanation by parol testimony; second, even if parol testimony be admissible to explain such ambiguity, the evidence offered is not sufficient for that purpose......; third, plaintiff cannot recover under the pleadings in this case."

While not so deciding, for present purposes we shall consider the case as though the pleadings were, in all particulars, sufficient and the evidence competent and relevant. In other words, we shall confine our attention to the second above quoted reason for the nonsuit, which, if valid, is controlling.

The trial court properly viewed the instrument in suit as patently ambiguous; but, nevertheless, permitted all the testimony offered by plaintiff, upon the theory that: "The patent ambiguity which cannot be explained by parol evidence is that which remains uncertain after the court has received evidence of the surrounding circumstances and collateral facts......In other words, and more generally speaking, if the court, after placing itself in the situation in which the parties stood at the time of executing the instrument, and with full understanding of the force and import of the words, cannot definitely ascertain the meaning and intention of the parties, from the language of the instrument thus illustrated, it is a case of incurable and hopeless uncertainty, and the instrument......cannot be sustained or rendered operative by the introduction of evidence which would neces-

sarily have the effect of adding new terms to the writing."

We fully agree with the learned court below that the testimony presented by plaintiff fails either to make plain the real due date of the note in suit or to shed such light thereon as to enable one to determine which of the two dates mentioned in the instrument must be accepted. The trial judge, under the circumstances, could do naught but enter a nonsuit; for, if the note was payable one day after date, then, since action thereon was not commenced until September 1, 1916, more than 20 years after that date, a presumption arose that the obligation had been paid, which the evidence introduced by plaintiff was insufficient to overcome. Of course, if the note was not payable till the death of the maker (which occurred December 14, 1915), no such presumption could prevail; but, even if the fact involved were legally susceptible of oral demonstration, the testimony is inadequate to show that the last-mentioned time should be accepted as the correct due date. It matters not from what standpoint the note is viewed, whether on its face alone, or in the light of the oral evidence, the fatal ambiguity still remains; hence no recovery can be had thereon, and, when requested, the court below properly so held.

Defendants state several other reasons in support of the nonsuit, i. e., that the allegata and probata do not agree, material alterations on the face of the note, and lack of evidence sufficient to show a valuable consideration. Since we have already placed our decision upon one controlling ground, it is not necessary to discuss these other points; but it may not be amiss to say that, the instrument being under seal, it was not essential to show a valuable consideration (Mack's App., 68 Pa. 231), and to note that we have reviewed the case as though the amendment offered by plaintiff, to make the declaration agree with his proofs, actually had been allowed.

The authorities relied upon by plaintiff are all distinguishable from the case at bar, for in each of them the alleged ambiguity in the instrument sought to be enforced is explainable upon some reasonable theory of a single due date; that is to say, in each instance the note itself, when carefully analyzed, may justifiably be construed as containing but one such date, which is not the case at bar.

The assignments of error are overruled and the judgment is affirmed.