## Independent Coat Company *v.* Michalowski, Appellant.

Argued April 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Herman Toll,* for appellant.

*Benjamin H. Levintow,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

Judgment was entered by confession on June 3, 1938, in favor of plaintiff and against defendant on a judgment note in the amount of $2,700 payable on demand and dated June 1, 1938. Upon petition of defendant, the judgment was opened generally. Defendant alleged that the note had been procured by trick and that the consideration therefor had failed.

Defendant, a coat manufacturer, made coats for Samuel Weiner and Son who frequently paid him with post-dated checks. Plaintiff was engaged in the same business in an adjoining building. On one occasion in 1938, not having sufficient money to meet his payroll, defendant went to Morris Love, manager of the plaintiff company, and asked him to cash a post-dated check of Weiner and Son for $1,000. Love did so. Thereafter numerous checks of Weiner and Son were cashed for defendant by Love, who borrowed the money from a loan association of which he was treasurer. Love pledged the credit of plaintiff for these loans, and deducted the charges of the association from the proceeds remitted to defendant.

On June 1, 1938, when Love had in his possession checks endorsed by defendant totalling $2,700, defendant asked him to cash another post-dated check of Weiner and Son. Love, however, had reason to doubt the solvency of the maker and asked defendant to sign a judgment note in the sum of $2,700 to secure payment of the uncollected checks. A note in that amount was prepared by a member of the Philadelphia Bar, and executed by defendant. Plaintiff company was named as payee. On June 2, 1938, bankruptcy proceedings were instituted against Weiner and Son, and one day later judgment was entered against defendant on the note.

The case was tried in the court below without a jury, and the trial judge found for plaintiff in the sum of $2,700 with interest, less credits of $212 for dividends received by plaintiff on its claim against the bankrupt maker. Defendant's exceptions were dismissed and this appeal was then taken.

The trial judge saw the witnesses and heard their testimony, and his findings were sustained by the court en banc. Since these findings are supported by competent evidence, they will not be disturbed by this Court.

Defendant alleged and testified that he gave the note to plaintiff in consideration of the promise of Love, that the latter would lend him an additional sum of $2,700 to meet his payroll, but that this loan was never made to him. Defendant also contends that plaintiff obtained the note by trick and fraud.

The integrity of written instruments is to be upheld, (*Gianni v. Russell & Co., Inc.*, 281 Pa. 320, 325, 126 A. 791), and the burden was upon defendant to show fraud by clear, precise, and indubitable evidence. *Speier v. Michelson*, 303 Pa. 66, 71, 154 A. 127; *First National Bank of Hooversville v. Sagerson*, 283 Pa. 406, 409, 129 A. 333. *Honesdale Glass Co. v. Storms*, 125 Pa. 268, 17 A. 347. This defendant failed to do. The fact that Love did not disclose to defendant, who had equal opportunity for knowledge, that the maker of the checks was in finan-

cial difficulties is not evidence of fraud. Plaintiff was entitled to seek additional security and was under no duty to disclose to defendant its reasons for desiring it.

Moreover, the evidence as to failure of consideration *is* consistent with the contention of plaintiff that the note was *not* given for an additional advance of $2,700 to defendant to meet his payroll, but was given solely as collateral security to protect plaintiff from a loss of the $2,700, which it had *already paid* defendant upon the post-dated checks. The testimony of Louis Friedman, formerly a bookkeeper of plaintiff, directly substantiated this contention. Furthermore, the evidence of defendant himself that the judgment note was given for payrolls due on June 1, 1938, is unconvincing. Defendant's weekly payroll, by his own admission, varied from $700 to $1,000, and it is significant that the note was in the exact amount of the uncollected checks endorsed by defendant to plaintiff.

It cannot be successfully argued that this judgment note is invalid because it *lacks* consideration. The instrument is under seal, and "It is well settled that a seal imports consideration. This is more than a mere presumption; the seal takes the place of proof of consideration and in the absence of fraud makes the promise enforceable without it. The defense of *want* of consideration is not available in an action on a sealed instrument." *Conrad's Estate*, 333 Pa. 561, 563, 3 A. 2d 697; *Zimmerman v. Zimmerman*, 262 Pa. 540, 106 A. 198. In attempting to raise this defense on appeal, defendant has confused *want* of consideration with *failure* of consideration. The former defense is not available and the latter was not proved to the satisfaction of the court below.

We have carefully examined the other arguments of defendant and find them devoid of merit.

The judgment and order of the court below are affirmed.