## Girard Trust Corn Exchange Bank, Appellant, *v.* Sweeney.

Argued November 13, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis J. Lynch,* with him *Elmer L. Menges,* and *Reilly and Pearce,* for appellant.

*Fronefield Crawford,* with him *Crawford & Frazier,* for appellee.

OPINION BY MR. JUSTICE JONES, January 8, 1964:

This appeal atacks the validity of an order of the Court of Common Pleas of Delaware County which directed the opening of a judgment entered upon a note which contained a warrant of attorney authorizing the entry of judgment.

Beginning in December 1956, Girard Trust Corn Exchange Bank, successor by merger to the National Bank of Narberth (Bank) and Francis X. Sweeney and Barbara Sweeney, then husband and wife, engaged in a number of loan transactions wherein the Bank loaned various amounts of money to the Sweeneys. So far as presently pertinent, the Bank made four loans to the Sweeneys: January 17, 1957—$5,000; May 3, 1957—$3,000; September 27, 1957—$19,000; September 17, 1957—$9,000. All the borrowings were upon judgment notes signed by both Sweeneys and the collateral for such loans consisted of 50 shares of American Telephone & Telegraph Company common stock registered in the names of both Sweeneys, 365 shares of Ex-Cell-O Corporation common stock registered in the name of Barbara Sweeney alone and 421 shares of Ex-Cell-O Corporation common stock registered in the names of both Sweeneys. In connection with the $9,-000 loan on September 17, 1957 a judgment note, executed by both Sweeneys, was delivered to the Bank in the amount of $9,000, payable one day after date with interest, costs and 10% collection fee. This note, which was entered of record in the Court of Common Pleas of Delaware County on September 26, 1957, contained the following provision: "As security for this note, whether matured or unmatured, the holder hereof shall continuously have a lien upon any and all funds, stocks, bonds, notes, money or other property, at any time in its custody."

Sometime thereafter, the Sweeneys separated and later were divorced. On March 5, 1959—when Sweeneys were separated but not divorced—Francis Sweeney, then in Ohio, wrote a letter to the Bank in which he advised the Bank that a buyer had not been found for Sweeney's property in Radnor, Pa. and that it did not seem prudent "to continue the expense of our collateral loan" and, therefore, he directed the Bank of liquidate

the common stock held as collateral, to pay the principal and interest on three notes to the date of settlement, allow the "mortgage note on 183 Hillside Circle, Villanova", (obviously, the $9,000 note of September 17, 1957), to remain and to forward the Bank's check for the balance of the proceeds of the sale.

Acting in accordance with such instructions, the Bank in March, 1959 sold all the stock held as collateral and received from the sale thereof $46,324.08 out of which $27,251.37 was applied toward payment of three notes, viz., $5,000 note of January 17, 1957, $3,000 note of May 3, 1957 and $19,000 note of September 27, 1957. The Bank transmitted to Francis Sweeney the balance of $19,072.71 and retained the judgment note entered of record against both Sweeneys as a lien against any real estate owned by the Sweeneys. There is no evidence of knowledge on the Bank's part that at that time the Sweeneys were separated.

The obligation represented by the note on which judgment had been entered being in default, the Bank on August 15, 1962, caused to be issued a writ of execution on its judgment against premises situated at 246 Berwind Road, Radnor Township, Delaware County, title to which property, originally in the names of both Sweeneys, had, by reason of a property settlement between the parties, become vested in Barbara Sweeney alone.

On September 19, 1962, Barbara Sweeney, then divorced from Francis Sweeney, filed in the Court of Common Pleas of Delaware County a petition to open the judgment averring that she neither knew of nor authorized the sale of the stock held as collateral nor had she been advised that such sale had taken place, that the Bank, before remitting the balance of the proceeds of the stock sale to Francis Sweeney, had sufficient funds in its hands to satisfy the judgment and that she had never received any of the proceeds of the

check sent to Francis Sweeney. Upon rule issued and answer filed by the Bank, the matter came on for hearing before Judge WILLIAM R. TOAL. After hearing, that court directed the opening of the judgment. From that order this appeal was taken.

The grounds upon which the court directed the opening of the judgment were that Barbara Sweeney had shown both a need for equitable relief and a meritorious defense. The court said, inter alia: "With no authority from [Barbara Sweeney] the [Bank] sold the securities placed with it for collateral which securities were owned by [Barbara Sweeney] individually or jointly with [Francis Sweeney]. To compound that mistake the [Bank] paid the excess proceeds from the sale of the securities after payment of certain loans to [Francis Sweeney] alone." Under such circumstances, the court was of the opinion that Barbara Sweeney had a meritorious defense which should be submitted to a jury for its determination.

In *Universal Builders Supply, Inc. v. Shaler Highlands Corporation,* 409 Pa. 334, 337, 186 A. 2d 30, we recently stated: "A petition to open judgment regularly and formally entered in a court of law is an appeal to the equitable powers of the court where the judge sits as chancellor. He is the trier of the facts and he is invested with a wide discretion in the consideration of conflicting evidence and the determination of the correct conclusions to be reached therefrom. Consequently, the chancellor's disposition thereof should not be disturbed on appeal unless clear abuse of discretion is shown. [citing cases]." Equally well settled is that rule that he who asserts an abuse of discretion has the burden of proving such abuse: *Lloyd v. Jacoby,* 156 Pa. Superior Ct. 105, 39 A. 2d 525.

We have carefully examined the pleadings and the testimony in the court below. From such examination, we find no abuse of discretion on the part of the court

below such as would justify us in reversing its action. At the trial to be had in accordance with the order opening the judgment, both the Bank and Barbara Sweeney will be given full opportunity to justify their respective positions.

Order affirmed.