## Thomasik *v.* Thomasik, Appellant.

Argued January 15, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gerald I. Roth,* for appellant.

*Harry P. Creveling,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

On June 10, 1960, appellant executed and delivered to appellee a judgment note for $8,000. The note was

executed under seal and was payable 1 day after its date. Judgment was confessed on the note on June 11, 1960, and duly entered in the office of the Prothonotary of Lehigh County.

From July, 1960, until June, 1962, appellant made payments on the note, reducing the principal sum to $6,300. On February 7, 1963, appellant petitioned the court below to open the judgment, alleging a lack of consideration. The court issued a rule on appellee to show cause why the judgment should not be opened and, after the taking of depositions, discharged the rule; this appeal followed.

Appellant raises the question of the interpretation of §3-113 of the Uniform Commercial Code, 12A P.S. §3-113, which reads: "An instrument otherwise negotiable is within this Article even though it is under seal". She contends that the framers of the Code intended to permit a defense of want of consideration, even where the instrument is under seal. We do not reach this question in the case at bar and hence do not decide it.

From the depositions, the court below found consideration for the note, independent of the seal. Without going into the details of the evidence, we conclude that there is, in the record, support for this factual conclusion of the court below.

A petition to open judgment is an appeal to the equitable powers of the court and its disposition of the petition will not be disturbed on appeal, unless a clear abuse of discretion is shown. *Girard Tr. Corn Exch. Bank v. Sweeney*, 413 Pa. 203, 196 A. 2d 310 (1964); *Universal B. Sup., Inc. v. Shaler H. Corp.*, 409 Pa. 334, 186 A. 2d 30 (1962).

The record in the instant case discloses no abuse of discretion and the order of the court below will not be disturbed.

Order affirmed.