## Blake-Cadillac Oldsmobile, Inc. v. Cackovic

*G. Thomas Miller*, for plaintiff.

*Gilbert Petrina*, for defendants.

CALDWELL, J., September 28, 1971.—This matter is before us on defendants' petition to open the judgment entered against them by confession on a judgment note. Depositions have been taken pursuant to Rule 2959 and the record includes a complaint, the petition to open and an answer thereto.

According to plaintiff the note in quesiton was given by defendants in settlement of certain claims held by plaintiff against one of its employes. The employe is a first cousin of defendant Mark Cackovic who allegedly became involved in certain financial difficulties arising out of his employment as a car salesman. It is plaintiff's position that defendants are bound by the note.

Defendants allege that the note was not intended as a final settlement of plaintiff's claim and was given

by defendants to show their "good faith," pending further discussion and investigation of plaintiff's claim.

Defendants assert various grounds for relief which can be summarized as follows:

1. That the confession of judgment violates the holding of the U. S. Third Circuit Court in Swarb v. Lennox, 314 F. Supp. 1091 (1970), which deals with the constitutionality of the confession of judgment procedure in certain cases.

2. That the statute of frauds, concerning promises to pay the debt of another, has not been complied with.

3. That there was no consideration for the note.

4. That the note was executed under duress.

5. That equitable relief is warranted by the facts.

We have reviewed defendants' argument concerning the holding of Swarb v. Lennox, supra. Defendants contend that Swarb is authority for their argument that the confession of judgment in this case is unconstitutional, and they seek to use the shelter afforded by that decision. In Swarb the Third Circuit Court ruled as invalid confessions of judgment entered after November 1, 1970, against residents of Pennsylvania whose income is less than $10,000 per year, where the obligation arises out of a lease or a consumer financing transaction. It is readily apparent that this ruling has no application to the instant case for several reasons:

1. The judgment herein was entered prior to the effective date of the Swarb case;

2. Defendants have not claimed that their income is less than $10,000 per year and, in fact, the evidence is that they are affluent, and

3. The obligation in this case did not arise from a lease or a consumer financing transaction.

Upon study of the Swarb decision we are satisfied

that the within judgment is not within the scope of its holding.

An appeal was taken from the decision of the Third Circuit Court and the Swarb case is now pending in the United States Supreme Court. On April 5, 1971, the Supreme Court issued an order staying certain *executions,* pending decision of the appeal. Defendants suggest that this action indicates a decision favorable to their argument and that all confessions of judgment will be ruled invalid by the United States Supreme Court. We are unable to agree with this conclusion. The stay order refers only to proceedings on execution sales and does not purport to expand or extend the holding of the Third Circuit. In its present posture the Swarb case does not affect the validity of the within judgment.

Defendants' second argument concerns the Act of April 26, 1855, P. L. 308, sec. 1, 33 PS §3, which provides that a promise to pay the debt of another is unenforceable "unless the agreement upon which such action shall be brought, *or some memorandum or note thereof,* shall be in writing . . ." (Italics supplied.)

Although no authority on point is cited, defendants contend that this act has not been complied with and, specifically, that the note upon which judgment was confessed does not constitute a writing that satisfies the statutory requirement. We find no merit in this contention. The act merely requires that the promise or agreement, *"or some memorandum or note thereof"* be in writing. Defendants frankly acknowledge that the note was executed in connection with plaintiff's claim against defendant's cousin, and an agreement for the payment of money could hardly be set forth in clearer terms than by means of a judgment note. The note in our opinion satisfies the statute, particularly where it is coupled with an admission by the makers that it

was executed in the course of dealings concerning the obligations of another person: See Goldsmith v. Stocker, 249 Pa. 180, 94 A. 829 (1915) and 253 Pa. 127, 97 A. 1079 (1916).

The purpose of the statute is to preclude the bringing of a suit based upon a purely oral agreement, which would be most difficult to defend. While the entire agreement *may* be in writing, the act does not require it to be spelled out in full. All that is mandated is that some "memorandum or note thereof" be in writing, so as to lend credence to plaintiff's claim and to preclude the bringing of lawsuits having no foundation. A judgment note executed under the circumstances of this case satisfies the statute of frauds.

In addition, plaintiff correctly points out that there are numerous decisions which hold the Statute of Frauds has no application where a principal or leading object of the promisors, defendants, is to advantage themselves. There is testimony in the depositions that would warrant a conclusion that the efforts of defendants in assisting their relative were not only aimed at discharging the claims against him, but were equally motivated by a desire to protect their family reputation and prove their own financial worth to their family and peers. This raises a serious question as to whether the Statute of Frauds applies to this case, but in view of our conclusions that the act was complied with we will not rule on this point.

Similarly we find no merit in defendants' argument that the note in question is invalid because it lacked consideration. The note involved is under seal, and defendants are confronted with the longstanding rule in Pennsylvania that a seal imports consideration, and that want or lack of consideration is no defense to an obligation under seal: Independent Coat Company v. Michalowski, 349 Pa. 349, 37 A.2d 518 (1944). Defen-

dants assert, however, that insofar as negotiable instruments are concerned, the aforesaid rule has been abrogated by the Uniform Commercial Code and that lack of consideration may be raised even though the negotiable instrument is under seal. Want or lack of consideration is a defense to an unsealed negotiable instrument, so long as it has not passed to a holder in due course: 12(a) PS §3-408. The code provides in section 3-113 that "An instrument otherwise negotiable is within this Article even though it is under a seal." Defendants contend that even though the note they gave is sealed it is nevertheless "within" the provisions of the code, and therefore want of consideration may be raised as a defense in accordance with section 3-408.

In Otto v. Powers, 177 Pa. Superior Ct. 253, 110 A.2d 847 (1955), by way of dictum, the court in a footnote observed that, in the view of some, want of consideration might constitute a defense to a sealed negotiable instrument under the language of section 3-113. However, the obligation before the court in Otto was executed prior to the adoption of the code and the court held that the presence of a seal imported the necessary consideration in that case. In Thomasik v. Thomasik, 413 Pa. 559, 198 A.2d 511 (1964), the court was asked to rule that section 3-113 of the Uniform Commercial Code permits the defense of want of consideration on a sealed instrument. The court declined to interpret section 3-113 because it agreed with the lower court that there was an actual consideration for the note in question.

In light of the cases we have studied we conclude that the law is unsettled as to the point in controversy. A logical argument can be made that insofar as negotiable instruments are concerned section 3-113 of the code has wrought a change in the longstanding rule in Pennsylvania concerning the defense of want of con-

sideration and where the question is squarely presented it will have to be resolved.

In this case, however, that question is not before us, because we find from the depositions that the note given by defendants was, in fact, supported by valuable consideration. The depositions show that defendants gave the note in exchange for a promise from plaintiff to forbear from pursuing its claims against its former employe, the cousin of defendant Mark M. Cackovic, whom defendants desired to help. We find that an agreement to release a third party from liability is a valid consideration for the obligation incurred by the parties securing the release. See Restatement of Contracts, section 75; Van Domelen v. Westinghouse, 382 F.2d 385 (1967).

We also find that section 3-113 of the code is not applicable because we are dealing here with a nonnegotiable instrument. The obligation given by defendants permits a confession of judgment *at any time*, as distinguished from "upon default." Section 3-112(d) of the code provides that the negotiability of an instrument is not affected by a provision authorizing confession of judgment on an instrument "if it is not paid when due," but it has been repeatedly decided that a provision allowing confession of judgment at any time renders an instrument nonnegotiable. See Smith v. Lenchner, 204 Pa. Superior Ct. 500, 205 A.2d 626 (1964). Inasmuch as the instrument is nonnegotiable the seal imports consideration in this case in accordance with the general rule as to sealed obligations.

Defendants' contention that the note was given under duress has not been established. The depositions indicate that in the three months prior to the date of the note plaintiff's representatives and defendant Mark Cackovic conferred five or six times concerning the alleged shortages of plaintiff's employe. On the day

the note was signed Dr. Cackovic contacted Robert Blake, an officer of plaintiff corporation, and invited him to come to the Cackovic residence for the purpose of discussing or concluding the negotiations pending between them. Mr. Blake contacted his attorney who prepared a judgment note, and together they visited Dr. Cackovic. While the meeting was in progress Dr. Cackovic telephoned his attorney concerning the negotiations and was advised not to sign the note. Despite this advice defendants executed the note and Mr. Blake signed a statement, concerning the employe, that had been dictated over the telephone by the Cackovic's attorney. The record contains no suggestions that any threats were made or that any coercion, physical or otherwise, was employed by anyone present at the meeting and the depositions indicate the meeting was quite social.

The case of Smith v. Lenchner, supra, discusses what must be shown in order to prove duress, which is defined "as that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness" . . . "Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness." In addition the court said, "Moreover, in the absence of threats of actual bodily harm, there can be no duress where the contracting party is free to consult with counsel . . ." The record is devoid of any evidence of the character required to prove duress and, indeed, suggests that Dr. Cackovic was as sophisticated in business matters as any of plaintiff's representatives.

The remaining argument advanced by defendants, that relief is warranted by the equities of the situation, requires a comment on the burden imposed by law on

one who seeks to open a judgment. As a general rule it may be stated that one who moves to open judgment entered by confession has the burden of *averring* and *showing* a meritorious defense. The court must be impressed by the need for relief: Foster v. Nixon, 194 Pa. Superior Ct. 572, 168 A.2d 630 (1961). In Sferra v. Urling, 324 Pa. 344, 188 A. 185 (1936), the court noted the general rules applicable to this proceeding, page 346:

"As frequently stated, an application to open a judgment confessed upon a warrant of attorney is in the nature of an equitable proceeding addressed to the sound discretion of the court. There must be more than an oath against an oath or a mere conflict of testimony to justify certification of the issue for jury trial. It is for the court below to pass upon the weight of evidence and credibility of witnesses."

A review of the allegations of the petition to open, and the depositions that have been taken pursuant thereto, fails to sustain or support the claims of defendants. The petition sets forth 11 separate reasons as to why judgment should be opened and we have already disposed of three of them (paragraphs 3(a), (b) and (c) of the petition). Two of the averments of the petition, 3(d) and (e), involve alleged oral agreements of the parties entered into prior to or at the time the note was executed. Quite aside from the very serious problem confronting defendants in the form of the parol evidence rule[1], the depositions have failed to substantiate the averments of the petition. It is alleged that the note in question was given by defendants as a showing of their good faith only, and that the amount of plaintiff's claim was unknown at the time and was to be ascertained later by an inspection of plaintiff's

---

[1]See Emperee v. Meyers, 440 Pa. 430, 269 A.2d 731 (1970).

records and books, by defendants' lawyers and accountants if necessary. We are not persuaded by the record that this understanding existed, but assuming that it did plaintiff's own evidence indicates that its employe's indebtedness to plaintiff was slightly in excess of the amount of the note. Although defendant had free access to plaintiff's books and records, no evidence was presented or adduced by defendants which would indicate a lower or different figure. As noted before, it is not sufficient that defendants merely aver the reason it wishes to open judgment. Defendants are required to establish to the court's satisfaction that their contentions are supported by credible evidence and this has not been done in this case.

The remaining averments of the petition were either shown to be inaccurate by the depositions or do not state valid reasons for opening the judgment. Defendants aver in paragraph 3(f) that the note is defective because plaintiff admits his claim is less than the face amount of the note, whereas the depositions clearly show plaintiff's claim to be slightly in excess of the note.

Paragraph 3(g) deals with "wash-out" calculations, the impact of which is not made clear in the averment. The only testimony concerning "wash-outs" came from plaintiff's witnesses and was to the effect that these computations are not involved in arriving at the amount of plaintiff's claim. Defendants' accountant reviewed the "wash-out" sheets but presented no evidence or testimony indicating any connection between "wash-outs" and the amount of the claim.

Paragraphs 3(h) and (i) allege that a credit should be set off against plaintiff's claims and that a part payment on said claim was made. The deposition of plaintiff's accountant indicates that these credits were recognized in calculating the amount owing by the

employe[2] and defendants offered no evidence that the credits were not given.

Paragraphs 3(j) and (k) allege that the business practices and activities of the employe which gave rise to plaintiff's claim were encouraged and condoned over the years and were ratified by plaintiff. Here again no proof was advanced to support these allegations. The persons deposed were four representatives of plaintiff and defendant, Mark Cackovic. No depositions were taken of the cousin-employe, defendants' accountants or their investigators. In short the record is devoid of evidence to support the broad assertions made in the petition and defendants' brief.

In our opinion the defendants have not shown any valid basis for the relief sought and we enter the following

### ORDER

And now, September 28, 1971, the rule issued on October 30, 1970, is discharged and the petition of defendants is denied.

---

[2] Plaintiff's Exhibit No. 1—Wrightstone Deposition.