509 A.2d 1371

Sheppard Corporation, Appellant *v.* City of Philadelphia, Raymond M. Tate, Jr., and Robert Hawthorne, Inc., Appellees.

Argued April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen G. Brown,* with him, *Michael H. Egnal, Egnal and Egnal, P.A.,* for appellant.

*Mitchell S. Pinsly,* with him, *Barbara R. Axelrod,* Deputy City Solicitor, Appeals, *Leonard R. Parks,* Chief Assistant City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellees.

OPINION BY JUDGE MACPHAIL, May 28, 1986:

Sheppard Corporation (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia refusing to remove a compulsory non-suit entered against it by the trial court in an order dated October 23, 1984. We affirm.

The issue we must decide is whether the trial judge, Honorable WILLIAM M. MARUTANI, abused his discretion in entering the disputed order.

It appears from the record that a suit in trespass was commenced in the trial court on November 21, 1980 by Appellant seeking damages from the City of Philadelphia (City), its Commissioner of Licenses and Inspections (Tate) and Robert Hawthorne, Inc. (Haw-

thorne) (collectively referred to herein as Appellees) for the wrongful demolition of Appellant's two buildings situate on South Front Street in Philadelphia. The demolition was ordered by the City after a fire occurred in one of the buildings and the City determined that the buildings were imminently dangerous to the public. The City employed Hawthorne to do the demolition work after it determined that Appellant had failed to take timely action to comply with the City's demolition order.

The case proceeded through the discovery and pleading stages and was listed for trial May 14, 1984 but was continued on that date to permit Appellant to amend its complaint. The case was called again for trial on May 17, 1984 and again continued, this time to give Appellees the opportunity to review certain documentary evidence they had requested from Appellant but which was supplied only the day before.[1]

On October 22, 1984, the case was again called for trial at which point Hawthorne presented an extensive motion *in limine* requesting that the trial court preclude certain of Appellant's witnesses from testifying on the ground that Appellant failed to file full and complete reports and full and complete answers to interrogatories with respect to Appellant's expert witnesses on the matter of damages. After reviewing the information supplied by Appellant, the trial judge ruled that those witnesses (there were 3 of them) could not testify.

Counsel and the court then engaged in the following dialogue:

> MR. EGNAL: (Counsel for Appellant) There's no point in our going on with the case. Let me take an appeal from your Honor's case [sic].

---

[1] The trial court had previously stated in a pre-trial order that all discovery responses should be filed by April 30, 1984.

THE COURT: You'll have to proceed with your case.

MR. EGNAL: I cannot proceed without Mr. Paul. He's the only man with which I can prove damages as to the real estate. If you foreclose me on that, under the circumstances that I've enumerated, then you've put me out of court. [R.R. at 258A.]

. . . .

MR. EGNAL: Let's make it so it's continuous. The order that you made excluding Mr. Paul from testifying in support of my claim for the damages of the real estate—

THE COURT: Not only Paul, Enamual [sic] Gold.

MR. EGNAL: —puts me out of court; and, therefore, I consider that that order is an order which is appealable, and I will take an appeal from that order. If I'm wrong, I'm wrong. [R.R. at 260A.]

. . . .

MR. EGNAL: In light of your Honor's order barring Mr. Paul from being a witness here,—

THE COURT: Which I have done, I want to make it clear, Enamual [sic] Gold as well.

MR. EGNAL: —it would be futile for me to go on with the trial.

MR. PINSLEY: On behalf of defendant, Robert Hawthorne, I make a motion for nonsuit.

MR. PARKS: The defendant City of Philadelphia would join in that motion.

THE COURT: I'll grant that. [R.R. at 261A.] The following day the court entered a formal order granting a compulsory non-suit against Appellant and entering judgment against Appellant.

Appellant thereafter filed a petition for reconsideration of that order and a motion to vacate the order. In an order dated November 28, 1984, the trial court denied the petition for reconsideration. The instant appeal to this Court followed.[2]

Appellant's principal argument addresses the issue of whether the trial court abused its discretion or committed an error of law when it precluded the testimony of Appellant's expert witnesses. We, however, believe that the issue is whether the trial court committed an error of law or abused its discretion when it granted the compulsory non-suit.

Pa. R.C.P. No. 218 provides that:

**Rule 218.** *Party Not Ready When Case is Called for Trial*

When a case is called for trial, if without satisfactory excuse a plaintiff is not ready the court may enter a non-suit on motion of the defendant or a non pros on the court's own motion. If without satisfactory excuse a defendant is not ready, the plaintiff may proceed to trial.

The preclusion order relates only to the question of whether Appellant has shown satisfactory excuse for its inability or unwillingness to proceed.

Although Appellant now protests that it never refused to go to trial, we think that the only fair inference to be drawn from counsel's statement that it would be

---

[2] Although we can find no order in the record regarding the motion to vacate, this Court, in an order denying Appellees' motion to quash the appeal because it was untimely filed, held that the order of November 28, 1984 disposed of the motion to vacate and that the appeal from the order granting the compulsory non-suit was thus timely preserved.

We must note that the only pleading addressed by the trial court in its November 28, 1984 order is the "Petition for Reconsideration of Order Made Monday, October 22, 1984" and that the Appellant's statement of the order appealed from in its brief is the order denying the petition for reconsideration. Appellees, however, have not again raised the timeliness issue in their arguments to us. We, therefore, will not raise the issue at this time *sua sponte*.

"futile for me to go on with the trial" is that Appellant had made a conscious choice not to proceed. Our inquiry is thus reduced to the issue of whether Appellant had "satisfactory excuse" for not proceeding. Appellant contends, of course, that the trial court's allegedly erroneous order precluding him from offering the testimony of his three expert witnesses as to damages was a satisfactory excuse.

One Pennsylvania authority holds that the satisfactory excuse offered by a plaintiff who refuses to proceed to trial must be an excuse which would be ground for continuance under Pa. R.C.P. No. 216 (agreement of counsel; illness of counsel, a party or material witness; inability to obtain testimony of an absent witness by means of discovery; or such special ground as may be allowed by the court). 1 Goodrich-Amram 2d §218.3 (1976). In the instant case, only the "special ground" category would be available to Appellant. We note, however, that the mere fact that expert witnesses *as to damages* are precluded by the trial court's ruling does not prevent Appellant from making out a case of *liability*: the opinion of the owner as to real property damages is always admissible (with certain exceptions not applicable here). *Hencken v. Bethlehem Municipal Water Authority*, 364 Pa. 408, 72 A.2d 264 (1950); *Chauvin v. Superior Fire Insurance Co.*, 283 Pa. 397, 129 A. 326 (1925). We conclude, therefore, that whether or not the trial court's interlocutory order precluding expert witness testimony was correct,[3] Appellant could have

---

[3] The preclusion order also involves the question of whether the trial court abused its discretion. The well-written briefs of counsel for both sides cite authority supporting their respective positions. In *Gill v. McGraw Electric Co.*, 264 Pa. Superior Ct. 368, 399 A.2d 1095 (1979), the Superior Court of Pennsylvania adopted the basic considerations set forth in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3rd Cir. 1977) to determine whether a trial court properly invoked the sanction of precluding expert testimony where the offering party had violated a pre-trial order. Those considerations are:

proceeded to trial but chose not to do so. We hold that Appellant had no satisfactory excuse for not proceeding. Under such circumstances, the trial court neither committed error of law nor did it abuse its discretion in granting the non-suit.

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified,
> (2) the ability of that party to cure the prejudice,
> (3) the extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and
> (4) bad faith or willfulness in failing to comply with the court's order.

In *Budget Laundry Co. v. Munter,* 450 Pa. 13, 17, 298 A.2d 55, 56 (1972) (per curiam), our Supreme Court said:

> Needless to say, this type of appeal provides maximum difficulty for an appellate court. The courts of the Commonwealth have been striving mightily to reduce backlogs and to speed the course of litigation. We are all too aware of the extreme problems created, particularly in the large metropolitan counties of the Commonwealth, by calendar congestion and the attendant delays in the disposition of litigation.

In summary, the trial judge is on the horns of a dilemma in making a decision as to whether or not a case could and should proceed where either party may be prejudiced if a case does not proceed. In the matter now before us, we cannot say as a matter of law that the trial court abused its discretion in precluding the proffered testimony. While we may have ruled differently under the same circumstances, that is not the standard to be applied. Where a litigant charges a trial court with abuse of discretion, it has a heavy burden, *Adams v. Scheib,* 408 Pa. 452, 184 A.2d 700 (1962), and must convince us that there was abuse and not merely persuade us that we might have reached a different conclusion if charged with the duty imposed on the trial court. *Girard Trust Corn Exchange Bank v. Sweeney,* 413 Pa. 203, 196 A.2d 310 (1964), *vacated on other grounds,* 426 Pa. 324, 231 A.2d 407 (1967). Here, the trial court felt it had extended itself to accommodate both parties and that to permit the Appellant to offer expert testimony without giving the Appellees a fair opportunity to evaluate the experts' methodology of arriving at their estimate of damages would be unfair to Appellees. Clearly, the trial court's decision was not an abuse of discretion.

ORDER

The order of the Court of Common Pleas of Philadelphia dated November 28, 1984 is affirmed.