## Smith, Appellant, *v.* Selinsgrove Borough.

*Negligence—Boroughs—Mad dog.*

A borough cannot be held liable for personal injury caused by the bite of a mad dog, because it failed to pass an ordinance prohibiting the running at large of dogs, although it may have been known to the burgess and council that certain dogs running at large had been bitten by other dogs having the disease of hydrophobia.

Argued May 13, 1901.   Appeal, No. 135, Jan. T., 1901, by plaintiff, from judgment of C. P. Snyder Co., Feb. T., 1900, No. 71, for defendant, on demurrer to statement in case of Frank H. Smith v. The Borough of Selinsgrove.  Before MITCH-ELL, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Trespass for personal injuries caused by the bite of a mad dog.

Plaintiff's statement contained the following averment:

Certain dogs running at large in said borough on or about July 9, 1899, were bitten by other dogs so running at large having the disease known as rabies, or hydrophobia, which fact was known by said chief burgess, Dr. P. A. Boyer and town council, on or about July 10, 1899; nevertheless the said chief

burgess and town council did not act, as empowered, in the premises, but wholly neglected to do so; that on or about October 4, 1899, one of these dogs bitten as aforesaid, and so running at large, while having the disease known as rabies, or hydrophobia, as aforesaid, did attack and bite Lula Maye Smith, the two-year old daughter of the plaintiff.

Defendant demurred to the statement.

McClure, P. J., filed the following opinion:

The principles governing this case are well settled and have been so long established that we do not feel called upon to enter into a lengthy or elaborate discussion of them. The defendant is here charged with negligence in failing to prohibit the running at large of dogs in the borough, when it was known to the burgess and councilmen that dogs were bitten by others having the disease known as hydrophobia. Plaintiff's counsel conceded at the argument that if any discretion in the matter was left to the burgess and council an action would not lie. Where as here legislative power is vested in them to prohibit the running at large of dogs, and to authorize and direct them to be killed when at large, it is of necessity at all times within their discretion whether or not any restraint shall be placed upon the animals. Upon failure to do so a borough could not be held liable in damages, because that would be equivalent to saying that by this delegation of power to legislate an absolute duty to legislate in a particular way was imposed upon councils.

In McDade v. City of Chester, 117 Pa. 414, it appears the mayor and councils of the city were empowered to prohibit the manufacture, sale, or exposure of fireworks. Professor Jackson's manufactory of fireworks located within the city caught fire, exploded and injured the plaintiff, who claimed damages on the ground that it was the duty of the city to have suppressed the manufactory; that this duty was neglected, and in consequence of the neglect, he received his injuries. The language of the statutes incorporating that city is almost identical with that of the general borough law, and it was held to be plainly permissive only, and that by the words "shall have power" to cause the removal of any nuisance, etc., were not imperative, and no absolute duty was imposed on councils to suppress the manufactory.

This case is conclusive of the two questions here involved, first, that the grant of authority to the burgess and council to prohibit the running at large of dogs is discretionary, and second, that when the authority is discretionary no legal duty is imposed. The following authorities are also against the plaintiff's contention and conclusive of his right to recover: Dillon on Municipal Corporations, secs. 949, 951; Grant v. City of Erie, 69 Pa. 420; Carr v. Northern Liberties, 35 Pa. 324; 15 Am. & Eng. Ency. of Law, 1154.

Commonwealth v. Bredin, 165 Pa. 224, relied upon by plaintiff's counsel, was an indictment against the burgess and councilmen of the borough of Leechburg for maintaining a nuisance in the form of a disease-and-death-breeding sewer. They were found guilty and their conviction was sustained by the Supreme Court. That case is easily distinguishable from the one now under consideration. That was a criminal prosecution of the public officers for the maintenance of a common nuisance upon a public street. This is a private action for civil injuries received, as alleged, by reason of the failure of the borough authorities to exercise its charter powers to prohibit that for which it was in no wise responsible.

And now, to wit: April 28, 1900, judgment is entered for the defendant on demurrer.

*Error assigned* was the judgment of the court.

*Charles Hower*, for appellant.

*A. W. Potter* and *Charles P. Ulrich*, for appellee, were not heard.

PER CURIAM, May 27, 1901:

The judgment is affirmed on the opinion of the court below.