# Republic Mortgage Co., Appellant, *v.* Irwin et al.

*Appeals—New trial—Grant of new trial—Grounds for reversal or affirmance—Practice, C. P.—Special findings by jury.*

1. The mere fact that the opinion of the trial court in granting a new trial refers to only one question, or a single point in the case, will not be treated as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from.

2. Before the appellate court will proceed to review such order, it must appear that testimony is not to be passed upon in the appeal proceedings, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted; and, in all instances, the point for determination, in the appeal, must be so conclusive of the whole case that nothing is left but to enter the judgment which its decision requires.

3. A suggestion for a special finding of fact by a jury should not embrace more than a single concrete thought, and, in expressing this, words which are susceptible of more than one meaning in the controversy before the court should be avoided.

4. If the trial judge fails to observe such rule, and the result is confusing if not inconsistent findings of the jury on the questions submitted to them, so that the court cannot dispose of the controversy, the granting of a new trial will be sustained on appeal.

Argued May 9, 1923. Appeal, No. 265, Jan. T., 1923, by plaintiff, from order of C. P. Crawford Co., Sept. T., 1920, No. 55, making absolute rule for new trial, in case of Republic Mortgage Co., for use of the Republic Acceptance Corp. v. Perry A. Irwin and Penn Kraft Cheese Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for automobile. Before PRATHER, P. J.
Rule for new trial.
The opinion of the Supreme Court states the facts.
Rule absolute. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*John M. Redden,* with him *J. D. Roberts* and *B. J. Lubic,* for appellant.

*O. Clare Kent,* for appellee, filed no printed brief, and was not heard.

PER CURIAM, June 23, 1923:

The use-plaintiff appeals from the award of a new trial by the court below. The action is in replevin. The jury found specially that defendant Perry A. Irwin was the "purchaser" from the Acme Motor Truck Co. of the truck in controversy; but it also found that the purchase money was furnished by defendant's father, E. W. Irwin, who claimed title in himself, and that he had never sold or transferred "his title" to defendant. The undisputed evidence shows that on September 2, 1919, Perry A. Irwin executed a bill of sale of the truck to the Republic Mortgage Co., the legal plaintiff, and, at the same time, took from his vendee a bailment lease, which the latter assigned to the use-plaintiff; the bill of sale and lease were executed in the order stated, one immediately after the other, at the garage of defendant Irwin, from which the truck was never taken by either the plaintiff or the use-plaintiff; subsequently, Perry A. Irwin (notwithstanding his prior bill of sale) sold the truck to one who transferred it to the other defendant, the Penn Kraft Cheese Co., a bona fide purchaser for value. Upon discovering defendant Irwin no longer had the truck in his possession, the use-plaintiff brought this action against him and the cheese company, the latter being the present possessor.

The cheese company, defendant, contended the truck was owned by, and the company acquired title to it from, Perry A. Irwin's father, the son acting as his agent; or, assuming that Perry A. Irwin had title to the truck, at the time of both sales in which he acted either as or for the vendor (which assumption involves points in dispute), then, the company defendant contends, there never was such delivery or transfer of possession from Irwin to the legal plaintiff as would vest title in the latter and support this action of replevin.

The jury found, however, that the truck "was in their [the legal plaintiff's] possession," and rendered a verdict against defendants; this special finding the court below held to be "entirely without evidence to support it," and, on refusal of counsel for plaintiff to remedy, "by stipulation," what the trial judge calls "this unwarranted finding," he ordered the new trial here complained of.

The scope of an appeal from the grant of a new trial has recently been considered by us in Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530. We there said the mere fact that the opinion of the trial court refers to only one question, or a single point in the case, will not be treated as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from; also, before we will proceed to review, it must appear that testimony is not to be passed on by us, unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted; and, in all instances, the point for our determination must be so conclusive of the whole case that nothing is left but to enter the judgment which its decision requires.

In the case before us, although the court below stresses the question of delivery of possession of the truck, its opinion also refers to another equally important issue in the case,—whether defendant Irwin ever had title to the vehicle in controversy, which he could convey to any one; and, as to this, the several special findings of the jury are

by no means conclusive. In point of fact, they are quite inconclusive. The answers to the suggestions for these findings are in some instances vague, in others they appear to be inconsistent, and, in still other instances, the questions submitted are not answered at all.

A suggestion for a special finding of fact should not embrace more than a single concrete thought, and, in expressing this, words which are susceptible of more than one meaning in the controversy before the court should be avoided. This rule, the trial judge failed to observe, and, probably as a result of such failure, we have before us the confusing, if not inconsistent, findings on the question of Perry A. Irwin's ownership; for, when the issues in the case are considered, the findings in question may be read as meaning that E. W. Irwin was the real owner and held title to the truck when Perry A. Irwin undertook to sell it to the Mortgage Company, or they may be read otherwise. This state of affairs is largely due to the loose use of the word "purchaser." On the record as it is, even had counsel filed the stipulation desired by the trial judge (the nature of which the latter fails to make clear), we do not see, owing to the indefinite and possibly inconsistent findings, how the court could have disposed of the controversy. In other words, this is a case where the effort to get special findings did more harm than good, and probably the only way out of the situation was that followed by the court below when it granted a new trial; but, however this may be, it is plain that the present appeal does not fall within the class where we will review an order of the kind here under attack: see Class & Nachod Case, supra.

The appeal is dismissed.