## Rocco v. Peoples National Bank of Ellwood, Appellant.

Argued April 22, 1942.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Randall B. Luke,* for appellant.

No brief was filed nor appearance made for appellee.

OPINION BY HIRT, J., September 30, 1942:

In this action for damages for the conversion of stock pledged by plaintiff with defendant bank, the jury found for plaintiff. Whether the evidence supports the verdict, is the question.

Plaintiff borrowed money from the bank in 1930 and his note was renewed monthly thereafter. On January 4, 1937, the balance unpaid was $380 and plaintiff then gave his note in that amount payable February 1, 1937. Plaintiff had deposited with the bank four shares of U. S. Steel common stock, which by the terms of each of the renewal notes became collateral security for its payment. On January 30, plaintiff went to the bank to renew his loan. The bank accepted a new note for $380 dated January 30 and payable March 3, 1937. It was not until February 27, 1937 that plaintiff was notified that his collateral had

been sold on January 30, for $384, an amount sufficient to discharge his obligation with a small surplus, which he refused to accept. On March 3, 1937 the market value of the stock was $481. The verdict was for the difference between that value and the amount realized on sale.

By the terms of each of the above notes (as well as all of the renewal notes from the inception of the debt) plaintiff agreed that the "Bank shall have the further right ...... to call for additional security or collateral at any time" and "In event default shall be made in the payment of principal or interest of this note when due, or in the performance of any of the obligations herein expressed, or in the event of failure to furnish additional security or Collateral when requested ...... [the note] shall forthwith become due and payable though the time for its payment shall not then have elapsed ......"

The agreement recites that the stock was pledged "As collateral security for the due and punctual payment of the principal and interest of this note ......" The bank could have lawfully sold the stock on February 1, when the note of January 4 matured if it had declined further renewal and plaintiff had refused to pay the note. There was no demand nor refusal to pay, but, on the contrary, the bank by accepting the new note extended the time of payment to March 3, 1937. The bank was without authority to sell the stock because of default of payment until that date. The provisions of the note relating to the pledge, constituted the contract between the parties, and the bank in selling the stock before the debt became due was chargeable with conversion unless sale before maturity was authorized by the agreement. *Diller v. Brubaker*, 52 Pa. 498; *Heimpel et ux. v. First Nat. Bk. & Tr. Co.*, 337 Pa. 425, 12 A. 2d 28; 21 R. C. L. 671.

Express authority in the contract to sell the pledge for non-payment of the debt at maturity excluded any

authority to sell at any other time (42 Am. Dec. 87 and note) unless specifically authorized by other provisions of the contract. The reference in the agreement to the performance of other obligations relates to the payment of other debts which plaintiff might owe the bank. Since there were none, the provision has no application and by the terms of the contract the bank was authorized to sell the stock before maturity of the obligation only after demand for additional collateral and plaintiff's neglect to supply it. Agreements of pledge are to be strictly construed. *Heimpel et ux. v. First Nat. Bk. & Tr. Co.*, supra.

The question was whether such demand on plaintiff for additional collateral, as would put him in default, was actually made. The only evidence on this point is the vague statement of defendant's cashier that: "He [plaintiff] was asked for more collateral before." Plaintiff denied that additional security was demanded. In the absence of more definite evidence of the circumstances—particularly as to the time (whether as remote as 1930 or reasonably near the date of the sale), the nature of the request, and what was demanded— the testimony is insufficient to put the plaintiff in default on that ground. And since there was no default at the time of the sale in the "due and punctual payment" of the then current note, the verdict of the jury may not be disturbed.

This was not an innocent conversion; it was negligent and in violation of the agreement. The action was brought in the proper form. Plaintiff could waive the tort and sue in assumpsit for damages following defendant's breach of its contract. Since this was a negligent conversion, the damages properly were measured in accordance with the Act of April 10, 1929, P. L. 476, 68 PS 481. *Foley v. Wasserman*, 319 Pa. 420, 179 A. 595; *Egan v. Smith et al.*, 325 Pa. 163, 189 A. 488.

Judgment affirmed.