Schofield, Appellant, *v.* Crossman.

Argued November 19, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 18, 1966.

*Benjamin Dresnin,* for appellant.

*Howard R. Detweiler,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 17, 1966:

Appellant sustained serious personal injuries when he slipped on a screw or nail on the floor of a furniture moving van owned by appellee, Crossman. Appellant, an employee of appellee, Cavalier, was engaged in unloading furniture from the Crossman van and was mov-

ing a refrigerator at the time of the accident. He commenced an action of trespass against Crossman, who joined Cavalier as an additional defendant.

The parties waived trial by jury and the court below heard the matter nonjury. The trial court made findings of fact and conclusions of law and determined the matter in favor of appellees and against appellant. Appellant's exceptions were dismissed and judgment entered for appellees; this appeal followed.

Appellant contends that Crossman was negligent in failing to maintain his van in a reasonably safe condition, free of a nail or screw on the floor, and in failing to provide adequate illumination. The trial court found as a fact that the illumination in the van was adequate and that there was insufficient evidence to establish negligence on the part of Crossman with regard to the presence of a nail or screw. On the latter point, the court found as follows: "19. There was no evidence to indicate when, how or by whom, the screw or nail fell to the floor of defendant's truck. The nail or screw could have fallen from the washing machine or other furniture moved by Swift and Schofield before they moved the refrigerator. There is no evidence that the screw or nail was on the floor before loading of Crossman's truck began. 20. There was no evidence that the nail or screw was dropped, placed or thrown to the floor of Crossman's truck by any person employed by or connected with Crossman, nor is there any evidence that the nail was placed on the floor in consequence of defendant Crossman's negligence. 21. There is no evidence which would indicate that Crossman or any of his agents, servants or workmen, knew or had reason to know of the presence of the nail or screw on the floor of Crossman's truck, van 37. 22. There was no evidence that any person, equipment or instrumentality of Cavalier was involved in, or caused the injury to the plaintiff."

198

As we stated in *Penneys v. Pa. Railroad Co.*, 408 Pa. 276, 278, 183 A. 2d 544 (1962) : "It is axiomatic in the law of this Commonwealth that the findings of fact of a trial judge, sitting without a jury, sustained by the court en banc, have the force and effect of a jury's verdict, and, if based on sufficient evidence, will not be disturbed on appeal. Glesenkamp Will, 378 Pa. 635, 107 A. 2d 731 (1954) ; Citizens Building and Loan Association v. Dise, 190 Pa. Superior Ct. 428, 154 A. 2d 304 (1959)."

Our review of the instant record convinces us that the evidence is indeed sufficient to support the findings of the trial court, which findings were sustained by the court en banc; the result below, therefore, will not be disturbed.

In view of the finding below, which we affirm, that the illumination in the van was adequate, we need not discuss the question of the applicability of the Health and Safety Act to the instant facts.

Judgment affirmed.