## Williams v. City of Coatesville

*G. Clinton Fogwell, Jr.,* and *Reilly & Fogwell,* for plaintiffs.

*William B. Koch* and *David C. Patten*, for City of Coatesville.

*Robert S. Gawthrop, Jr.*, and *Gawthrop & Greenwood*, for National Bank of Chester Valley.

MARRONE, J., March 1, 1969.—This was an action in trespass begun by plaintiffs, husband and wife, to recover for injuries allegedly incurred by plaintiff wife as the result of being struck by a pigeon in the City of Coatesville. The complaint sought to impute to defendants the negligence of their alleged agent in shooting the pigeon. Subsequent to the filing of this action another action was filed against Rodney W. Kitchen by the same plaintiffs, this being docketed to January term, 1968, no. 126. Although the complaint in this action does not so aver, Kitchen was the alleged agent in question.

The incident leading to these law suits began on February 20, 1967. Plaintiff wife was standing on the sidewalk near the premises occupied by the National Bank of Chester Valley in the City of Coatesville and was allegedly struck without warning by a falling pigeon.

The complaint avers and the testimony discloses that on the day and at the time in question Rodney W. Kitchen, the individual defendant in the second action, was armed with a rifle and perched atop a building across the Lincoln Highway from the bank building from where he was shooting at the pigeons which were nested in and about the bank building. It was one of these pigeons which allegedly harmed plaintiff wife.

At the close of plaintiffs' case, the City of Coatesville moved for a compulsory nonsuit which was granted by the court. Defendant bank also made a similar motion which was denied. It later presented a point for binding instructions which point was overruled by the trial judge.

The jury returned verdicts against the bank in the instant action in favor of both plaintiffs but awarded against the bank in the instant action the sum of $1,000 to plaintiff husband only. Another verdict was entered against the individual defendant, Kitchen, also in favor of both plaintiffs but awarding $250 to husband plaintiff only.

Plaintiff wife has filed a motion for a new trial in her suit against the City of Coatesville and the National Bank of Chester Valley alleging that since she was awarded no damages this was obviously inadequate. She alleges that a new trial should be granted as to damages only because the jury awarded her a verdict in no amount or in the alternative she should have a new trial generally. Plaintiffs also filed a motion to remove the nonsuit entered by the court as to their claim against the city of Coatesville. Plaintiff wife also moved for a new trial against individual defendant, which will be disposed of in a separate opinion.

The National Bank of Chester Valley has filed a motion for judgment n.o.v.

## MOTION FOR JUDGMENT N.O.V.

The claim of plaintiffs against defendant bank rests entirely on the allegation that the individual defendant was the agent of the defendant bank when he engaged in the activities resulting in the injuries to plaintiff wife.

Defendant bank argues that the testimony regarding the relationship between the actor and the bank fell far short of establishing a principal-agent relationship and, therefore, the verdict against the bank should not stand.

The burden of proving agency rests on the party asserting it: Girard Trust Bank v. Sweeney, 426 Pa. 324 (1967). It must be determined from the facts and circumstances of the particular case, and when it ap-

pears from such facts and circumstances that there was at least an implied intention to create the relationship it will by implication be held to exist: Osborne v. Victor Dairies, Inc., 138 Pa. Superior Ct. 117 (1939). To hold defendant bank liable there must be present circumstances from which the relationship with the actor, Rodney Kitchen, was established.

To determine whether a person performing services for another is an employe or an independent contractor some of the factors to be considered are: Who controls the manner in which the work was to be done; whether the responsibility of the workman was for the result only; the terms of the agreement between the parties; the nature of the work or occupation; the skill required for performance; whether the one employed was engaged in the distinct occupation or business; which party supplied the tools; whether payment was made by the time or by the job; whether the work was a part of the regular business of the employer and whether the employer had the right to terminate the relationship at any time: Stepp v. Renn, 184 Pa. Superior Ct. 634 (1957).

In applying the above mentioned factors to be considered we find the proof in this case is lacking. Even giving plaintiffs the benefit of all facts and inferences, as must be done since they were awarded verdicts, the most that can be said is that defendant bank supplied Kitchen with the money to purchase the ammunition which he used to kill the pigeons and further that he was instructed by the then president of defendant bank to clean up the pigeons which he had shot that morning.

The only evidence which indicates the extent of control the alleged master could exercise under these circumstances was the fact that Kitchen was told to clean up the sidewalk after his having shot the pigeons. It appeared that Kitchen had engaged in the shooting of

pigeons in the past. Certainly the skill required, i.e., the shooting of the pigeons was one not ordinarily required of any employe of the bank. Obviously the employment was only for a specific purpose for which Kitchen was to be paid by the job and it was not a part of the regular business of the bank. Furthermore from the testimony of Kitchen and the bank's vice-president it was obvious that the parties themselves did not think of or believe they were creating a relationship of master and servant. See Restatement, Agency 2d §220.

A review of all the testimony relating to the relationship between Kitchen and the bank indicates that the trial judge at the close of the trial should have given binding instructions as requested by the bank. There was not sufficient proof of the agency relationship to justify the submission to the jury of that issue: Moyer v. Ford Motor Company, 205 Pa. Superior Ct. 384 (1965). This being the case we hereby enter judgment n.o.v. in favor of defendant, the National Bank of Chester Valley and against plaintiffs, Alvin C. Williams and Helen C. Williams. Having thus decided, plaintiffs' motion for a new trial against the bank is denied.

## MOTION TO REMOVE NONSUIT

At the close of plaintiffs' case the court entered a compulsory nonsuit in the claim against the City of Coatesville. The city, like defendant National Bank of Chester Valley, was also sued on the theory that Rodney Kitchen was the agent of the city. The testimony in this regard was insufficient to establish any master-servant relationship. For the reasons hereinabove stated insofar as defendant bank was concerned we again hold that plaintiffs have failed to meet the burden of establishing that relationship between the City of Coatesville and the actor. While there was some

evidence that, at least in the past, Kitchen had served as "animal control officer" for the city, the evidence discloses that he undertook this particular job at the request of defendant bank. He was paid by the bank for the service. He was off duty, in his own clothes, using his own rifle and telescopic site and ammunition purchased by him although the funds had been provided by the bank.

Assuming that plaintiffs had met the burden of proving that Kitchen was an agent of the city, his job of exterminating pigeons could only be deemed to have been in the course of performance of a governmental function by the city. Therefore, even if he was acting as agent and was liable for the injuries incurred by the plaintiff, the city of Coatesville would be immune from liability for the actions of Kitchen: Boorse v. Springfield Township, 377 Pa. 109 (1954).

Even on the theory that the city should have and could have undertaken to destroy the pigeons, plaintiffs may not recover. While the city had the authority to provide for the destruction or killing of unowned pigeons, the evidence disclosed that it had nothing to do with this particular occurrence. Furthermore even it if had, no liability can attach by the fact that while the city had the power to authorize or provide for the destruction of unowned pigeons it chose not to do so: Smith v. Selinsgrove Borough, 199 Pa. 615 (1901), where although the city had power to prohibit dogs running at large and did not enforce it a person bitten by a dog running at large had no cause of action against the municipality.

The doctrine of governmental immunity has recently been restated in Jonnet v. Bodick, 431 Pa. 59 (1969). This immunity extends to liability for negligence in the performance of a public or a governmental function. The control of animals or destruction of pigeons is governmental in nature and as such the city

is insulated from liability for the alleged negligence of its servants in carrying out those functions.

The testimony in this case discloses that Kitchen had the exclusive control of the manner of performing the work involved and was responsible only for the results. We find, therefore, that he was an independent contractor and no liability can attach to either of defendants in this action by reason of their relationship with Kitchen.

### ORDER

And now, April 1, 1969, the motion of the City of Coatesville for judgment n.o.v. is hereby granted. The motion to take off the compulsory nonsuit is denied. Plaintiffs' motion for a new trial is denied.