## Spring City Foundry Company *v.* Carey et ux., Appellants.

Argued January 14, 1969.   Before Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*John H. Lewis, Jr.,* with him *Morgan, Lewis & Bockius,* for appellants.

*Morris L. Rush,* with him *Irving L. Mazer,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 23, 1969:

Appellants are the owners of premises situate at No. 3 North Main Street, Spring City, Pennsylvania, having acquired the property by deed on July 1, 1960. Appellants' property is separated on the south from that of appellee by Hall Street, a public thoroughfare which terminates in a dead end at the eastern portion of the properties of the parties. On appellants' property, there exists a driveway leading from Hall Street to appellants' detached garage. Appellee maintains its shipping and receiving department on the Hall Street side of the premises, with loading and unloading facilities directly across Hall Street from appellants' driveway. Appellee's foundry building contains two large doors from which its loading and unloading operations are conducted.

The dispute between the parties originates in the lack of space between appellee's loading doors and Hall Street and the narrowness of that dead end street. Appellee's shipping and receiving process is regularly accomplished by the use of trucks and tractor-trailer rigs, some owned by appellee and others owned by common carriers who make deliveries or pick ups at the foundry. These vehicles proceed into Hall Street and back up to the foundry doors for loading or unloading. Unfortunately, when vehicles of such size are so located, they not only completely block Hall Street, but also, quite often project onto appellants' driveway, where they remain throughout the loading procedure.

Subsequent to their purchase of their property, appellants, by various stratagems, attempted to force appellee to discontinue the use of the driveway described above. Eventually, appellee filed a complaint in eq-

uity seeking an injunction to enjoin appellants from interfering with appellee's use of the driveway and further seeking compensatory and punitive damages. Appellants filed an answer and counterclaim seeking to enjoin appellee from further trespass on their land. The Chancellor's adjudication and decree nisi found for appellee, enjoined appellants from interfering with appellee's operation, entered judgment against appel-. lants in the amount of $2,499.58, as compensatory damages and dismissed the counterclaim. Appellants' exceptions were dismissed and the decree nisi entered as a final decree; this appeal followed.

We have consistently held that the findings of fact of a Chancellor, affirmed by a court en banc, have the force and effect of a jury verdict and will not be disturbed on appeal if supported by adequate evidence. The Chancellor found as a fact that appellee had used the disputed driveway in an open, notorious, continuous and uninterrupted fashion, under a claim of right since 1925. The evidence clearly supports this finding and requires the conclusion that appellee acquired an easement by prescription which had ripened into a legal right prior to appellants' acquisition of the property. All of appellants' arguments relative to the existence or nonexistence of notice of the easement, whether the adverse user was made under a claim of right, breaks in the continuity of the adverse user and turning rights as opposed to parking rights are refuted by the findings of fact, which we find were adequately supported by the evidence.

Appellants urge, however, that appellee is barred from relief by the equitable "clean hands" doctrine. They argue that appellee, in order to exercise its easement, must block a public street, allegedly in violation of the law of the Commonwealth. As we stated in

*Shapiro v. Shapiro,* 415 Pa. 503, 204 A. 2d 266 (1964) and *McLaughlin v. McLaughlin,* 410 Pa. 1, 187 A. 2d 905 (1963), the doctrine applies only where the wrongdoing directly affects the equitable relations existing between the parties. Any improper blocking of a public street bears no *direct* relationship to any equitable relations between these parties and is wholly collateral to the question of whether an easement by prescription has been acquired. Moreover, it is not at all clear that violations of the law occur.

Finally, appellants submit that the evidence does not support the award of money damages. With this phase of appellants' argument we are in agreement. The evidence of damages was most unsatisfactory and, although a good case can be made that *some* monetary damage was suffered, under this evidence, the amount thereof is highly speculative and conjectural. Appellee's witness testified to damages of $3,466.16, based on calculations of average loading time and average per hour labor costs, with no records being offered to show the actual hours worked by employees. The Chancellor, without adequate explanation, awarded $2,-499.58. We do not find in this record that substantial evidence required to support an award of monetary damages. At best, we have only an estimate of damages made by one of appellee's officers. The decree of the court below will be modified by eliminating therefrom the award of damages; in all other respects the decree will be affirmed.

Decree modified by eliminating therefrom the award of monetary damages; in all other respects, the decree is affirmed.

Appellee to pay costs.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE COHEN:

While I agree with the majority's modification by eliminating the award of monetary damages, I disagree with the affirmance of the remainder of the decree. Assuming that appellee produced evidence of an easement for the "use" of turning motor vehicles, I am of the opinion that said easement should not be extended to include the right to park for unlimited periods of time, either upon appellants' property or upon the streets. The evidence does not demonstrate a continuous adverse use in excess of 21 years of appellants' property for the purpose of parking. At most, the evidence indicated only the adverse use of appellants' property for momentary turning. Furthermore, parking on the streets of the borough is clearly under the supervision of the borough and this Court should not approve a decree which grants appellee the right to block the borough's streets.

Under the circumstances, I would further modify the decree and hence dissent.