Moss Rose Manufacturing Company *v.* Foster et al., Appellants.

Submitted September 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Erwin Lodge, Bernard Glassman,* and *Lodge, Carter, Stern & Glassman,* for appellants.

*Leonard B. Rosenthal, Maurice J. Klein,* and *Abrahams & Loewenstein,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

This is an appeal from a judgment in favor of the plaintiff-appellee for property damage caused by water seepage from appellants' underground cistern.

On November 28, 1969, the appellee was the owner of a manufacturing company which was located at Al-

legheny Avenue and Hancock Street in Philadelphia. Adjacent to his business was the manufacturing company owned and operated by the appellants. In fact, the north wall of the appellee's plant and the south wall of the appellants' plant was a party wall. Appellants maintained a large underground cistern below the basement of their premises. This cistern was approximately 50 feet in diameter and 20 feet in depth, in which about 125,000 gallons of water was stored as a fire preventive measure. The top of this cistern, which was installed in the early 1900s, came to about two feet below the basement floor. On the aforementioned date, water from the cistern overflowed into the exposed soil and by percolation followed a downward course under the party wall and, then seeking its own level, seeped into the basement of the Moss Rose Manufacturing Company, causing considerable property damage to appellee's premises and contents.

Originally, the case was heard by arbitrators, who found in favor of the appellee in the amount of $6,720.00 plus interest. An appeal was taken to the Common Pleas Court of Philadelphia, where the Honorable Robert V. BOLGER, sitting without a jury, heard the matter de novo. At the conclusion of the trial, Judge BOLGER found for the appellee against Harold S. Foster individually and L. S. Foster Sportswear Co., Inc., in the amount of $6,720.68 plus interest from November 25, 1969, the date of the incident. Exceptions were taken and argued the same date, and an Adjudication dismissing these exceptions was filed on March 5, 1973. This appeal has followed.

In its Adjudication, the trial court predicated liability on negligence principles in failure to reasonably maintain the cistern; on an absolute liability theory of a landowner; and, on the doctrine of exclusive control. Appellants contend that there was insufficient evidence to support a negligence finding. They also dispute the

applicability of either absolute liability or the doctrine of exclusive control. While the latter theories may be questionable under the circumstances of the case, we find that there is ample evidence to support the trial court's determination of negligence. The appellee called the defendants' maintenance man to testify as to his examination of the cistern after the flooding. The maintenance man testified that the cause of the flooding could be attributed to a defective foot brake. When it was properly functioning, this foot brake would automatically shut off the water flow at a safe level in the cistern. The maintenance man further stated that the condition of the brake could be determined by simple inspection conducted periodically.

Since the trial court's conclusions determining the liability of the defendants were, in part, founded upon a theory of negligence, and as there is sufficient evidence from which negligence could be ascertained, we must affirm the lower court's judgment. *Spring City Foundry Co. v. Carey,* 434 Pa. 193, 252 A. 2d 666 (1969) ; *Schofield v. Crossman,* 420 Pa. 196, 216 A. 2d 455 (1966). As an appellate court, we may affirm the judgment of the lower court where it is correct on any legal ground or theory disclosed by the record, regardless of the reason or theory adopted by the trial court. *Commonwealth v. Whitehouse,* 222 Pa. Superior Ct. 127, 292 A. 2d 469 (1972). It is not necessary that we agree fully with the reasons for a trial court's judgment. We may affirm on other grounds as long as the judgment rendered is correct. *Republic Mortgage Co. v. Irwin,* 278 Pa. 124, 122 A. 222 (1923). The record fully supports a finding of liability on negligence grounds alone.

The judgment of the court below is affirmed.