## Signorile v. Fernwood Hotel & Resort

*Gary A. Brienza*, for plaintiffs
*Gerard J. Geiger*, for defendants

WILLIAMSON, *J.*, May 29, 2013—This matter comes before us on a motion for summary judgment filed by Fernwood Hotel & Resort and Bushkill Group (hereafter, "defendants"), requesting William Signorile and Carol Kaminski-Signorile's (hereafter, "plaintiffs") complaint be dismissed because plaintiffs have failed to establish that defendants had notice of any dangerous condition.

Plaintiffs commenced this action by filing a writ of summons on May 19, 2008. Plaintiffs then filed a complaint against the defendants and RCI, on December 27, 2010. On November 5, 2012, the parties stipulated to the dismissal of RCI as a defendant pursuant to Pa. Rule of Civil Procedure 229(b). The remaining defendants filed the motion for summary judgment currently before this court on March 21, 2013. In their complaint, plaintiffs allege that they were business invitees of the defendants at the Hotel's indoor pool, and that a rusty screw on the floor caused Carol Kaminski-Signorile ("plaintiff") to sustain injuries when she stepped on it. During the course of discovery, written interrogatories were exchanged and plaintiff was deposed on July 12, 2011. Since that time, paper discovery has been engaged in by both parties. Attempts were made to schedule plaintiff for an independent medical examination, but she was unable to

travel due to ongoing medical problems. Oral argument on this matter was held on May 6, 2013. We are now ready to dispose of defendants' motion summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa.Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a

genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled fact contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 188 (Pa. 1951).

Plaintiffs argue that the motion for summary judgment is untimely because discovery is incomplete. It is clear that discovery relative to the causation of the injury has been completed. While it may be true that some discovery remains on the issue of damages, that discovery is irrelevant for the current motion for summary judgment. The explanatory comment from the 1996 revision of Pa. R.C.P. 1035.2 states, in part, "[s]pecial note should be taken of the requirement under Rule 1035.2(2) that the motion be made after completion of discovery *relevant* to the motion, including the production of expert reports." (emphasis added). The issue in this motion for summary judgment is whether the defendants had constructive notice of the screw. Nothing in an IME would be relevant to that analysis. plaintiffs brief even states on page 6 that "Plaintiff's medical treatment, which would not be relevant for purposes of summary judgment..." [Plaintiff's br. at 6.] Therefore, the motion for summary judgment is timely.

Defendants argue that there are no genuine issues of material fact and requests that the court grant summary

judgment in its favor. Defendants allege that the plaintiffs have failed to produce evidence identifying the source of the screw or how long it was on the floor before plaintiff stepped on it. They argue that without proof that defendants had actual or constructive notice of the screw, the plaintiffs fail to state a claim as a matter of law. We disagree.

The facts of this case, as viewed in the light most favorable to the plaintiff, are as follows. On December 8, 2006, plaintiff was injured when she was entering the sauna area of the defendants' resort. As she was walking on the indoor pool deck, intending to enter the sauna, she stepped on a rusty screw which pierced her left foot. At the time in question, a pool attendant was monitoring the pool area. All pool attendants receive three days of training when they are hired. The defendants instruct their pool attendants that the pool deck must be swept at least once every hour. Plaintiff testified at her deposition[1] that a witness saw her injury and informed her that the screw came from the sauna door.

Q. Did the lady in the hot tub that you said screamed about the door, did she say the screw came from the door?

A. She did. She did.

Q. Can you recall her words?

A. When she realized that this incident had happened, this "ow", you know, I screamed and everything and

1. Reference to testimony from Carol's deposition will be referred to as ["Carol deposition, 7/12/11, p._."]

then I had that screw I pulled out of my foot in my hand, and she was watching the whole thing, apparently, which was unbeknownst to me, her seeing, and screaming, that, that, that sauna door again. Apparently she knew that there was some ongoing situation of a maintenance, she used the word maintenance problem, that the sauna door was not closing properly. Now, for me, that's the whole key thing, for it to close.

Q. Did this lady say — did she use the word screw?

A. Yes, she did. Yes, she did. She said that — because, you know, she saw that I had that in my — she didn't know at first what I stepped on, but when I screamed and said oh, my God, a screw, she goes, "That came from the sauna door." She seemed to know, and then she started screaming. She was actually with a guy, believe it or not, who also seemed to know with her, I — they were a couple, somehow, and they — they knew this place, they knew this place.

["Carol deposition, 7/12/11, p. 49-50"]

To recover in a negligence claim, the plaintiffs must establish that (1) the defendant owed a clear duty to her; (2) the defendant breached its duty; (3) a causal connection exists between the defendant's conduct and the plaintiff's injury; and (4) the plaintiff suffered actual loss or damage. *See Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264 (Pa. 2006). In Pennsylvania, a possessor of land is liable to injuries to an invitee that occur on its property only where it:

(a) Knows or by exercise of reasonable care would

discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee; and

(b) Should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

(c) Fails to exercise reasonable care to protect them against the danger.

*Restatement of Torts, 2d.*, §343.

## I. Constructive Notice

It is undisputed that plaintiff was a business invitee of the defendants at the time of the incident. There is no question that a business owner owes a duty of care to its invitees. However, the business owner is not an insurer of its customers' safety. *Moultrey v. Great A&P Tea Co.*, 422 A.2d 593 (Pa. Super. 1980). The mere existence of a harmful condition in a public place of business or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of proprietor's duty of care to his invitees, nor does it raise a presumption of negligence. *Id.* at 596.

To impose liability, a plaintiff must produce evidence that the condition that caused the injury is traceable to the possessor of land or his agents and not an unassociated individual. *Myers v. Penn Traffic Company*, 606 A.2d 926, 930 (Pa. Super. 1992). In essence, the plaintiff must show that the defendant had actual or constructive notice of the condition. *Estate of Swift v. Northeastern Hosp. of Phila.*, 690 A.2d 719 (Pa. Super. 1997).

Plaintiffs do not argue that the defendant had actual notice of the dangerous condition. Therefore, we will determine whether a genuine issue of material fact exists with respect to whether defendants had constructive notice of the screw on the pool deck.

The amount of time that a dangerous condition existed is one of the most important factors when analyzing whether a defendant had constructive notice. *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. 2001). Pennsylvania courts regularly treat a plaintiff's failure to provide evidence of the amount of time that a dangerous condition existed as fatal to the plaintiff's case. *See Lanni v. Pa. R.R. Co.*, 88 A.2d 887 (Pa. 1952) (reversing the denial of defendant's motion for judgment nonwithstanding the verdict where plaintiff did not provide evidence showing how long the grease spot in which he fell had been on the driveway); *Porro v. Century III Assocs.*, 846 A.2d 1282, 1286 (Pa. Super. 2004) (affirming summary judgment because the plaintiff "admitted in his deposition that he does not know how long the substance he slipped on was present"); *Estate of Swift, supra* at 722 (affirming summary judgment because the plaintiff did not present evidence regarding "how long the condition existed").

In the present case, a genuine issue of material fact exists as to whether the defendants had constructive notice of the screw being on the deck of the pool. In an affidavit attached to the motion for summary judgment, Noelle Keller, the Recreation Manager for the defendants at the time of plaintiffs' alleged injury, averred that the pool attendants are instructed that the pool deck area must be cleaned at least every hour. [Aff. Noelle Keller; SJ

motion, appendix, p. 18.] This case is different from the aforementioned cases, where there was no evidence of a timeframe in which the dangerous condition was present. Here, there is evidence to show how long the screw could have possibly been on the floor: one hour. This assumes the pool deck area was swept clean every hour as required. At this time, such an assumption must be taken in the light most favorable to the plaintiffs. It remains an open issue of fact. Therefore, a fact-finder may infer that the defendants had the ability to discover and correct the problem.

Defendants also argue that the screw could have come from anywhere, and therefore, there was no constructive notice. As explained above, plaintiff testified during her deposition that she had a conversation with two people who witnessed the incident, and was told that the screw came from a nearby sauna door that had a maintenance problem. In their motion, defendants display the sauna door hinge and the screw in question side by side. [SJ motion, ¶38.] While it appears that the screw are different, the picture does not show the whole sauna door, or the area around it. If the jury were to believe the testimony of the witnesses, that is enough to create a genuine issue of material fact.

While it is true that courts have refused to find constructive notice where the plaintiff offers no evidence beyond the defect itself, [See Schofielf v. Crossman, 216 A.2d 455 (Pa. 1966)], the evaluation of the constructive notice factors is usually a task for a jury, unless the evidence "requires the jury to resort to conjecture, guess or suspicion." Lanni, at 88 A.2d 889. In this case, there is enough evidence where a fact-finder could determine that

the defendants had constructive notice of the screw on the pool deck without requiring mere speculation. Therefore, we cannot say the defendants failed to have constructive notice as a matter of law. There is an issue of material fact regarding whether the defendant had constructive notice of the dangerous condition of a screw on the pool deck. We issue the following order:

## ORDER

And now, this 29th day of May, 2013, upon consideration of defendants' motion for summary judgment, the same is denied.

